### NELSON *v.* BLECKWENN, Treasurer.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

SALE FOR MUNICIPAL TAXES—REDEMPTION—USE OF IMPROVEMENT CERTIFICATES.

Under Laws 1874, c. 326, which authorized the issue of "improvement certificates in Long Island City," in payment of certain improvements, and provided that they should be receivable in payment of any assessment, and Laws 1879, c. 501, which required the officer making a sale of any land for nonpayment of the assessment on it to receive such improvement certificates in payment of the assessments, and which acts authorized the use of such certificates for the purpose of redeeming land sold for unpaid assessments, the certificates can be used for redeeming from a sale for an unpaid assessment, though the sale may have been made for less than the assessment and interest.

Appeal from special term, Kings county.

Action by William Nelson against Frederick W. Bleckwenn, treasurer of Long Island City, for an injunction. From a judgment for plaintiff, defendant appeals. Reversed.

In order to pay for certain improvements in Long Island City, the commissioners appointed for that purpose were authorized, by chapter 326 of the Laws of 1874, to issue what were known as "improvement certificates in

Long Island City." These certificates were made receivable at all times at par and accrued interest in payment of any assessment made for the improvements. Laws 1879, c. 501, provided that it should be the duty of the officer making a sale of any land for nonpayment of the assessment on it "to receive the improvement certificates * * * at par and accrued interest in payment of the assessment." This action was brought to restrain defendant, as treasurer of Long Island City, from selling lands therein for less than the amount of assessments thereon, and from receiving "improvement certificates in Long Island City" in redemption of lots. The injunction which was granted, and is appealed from, restrained him "from receiving the improvement certificates mentioned in the complaint in payment of any bid upon a sale under the said assessments * * * which shall be less in amount than the total amount due upon the assessment for the nonpayment of which such sale shall be made."

Argued before BARNARD, P. J., and DYKMAN, J.

J. Ralph Burnett, for appellant. William J. Gaynor, for respondent.

BARNARD, P. J. The court of appeals has decided that the certificates of indebtedness, such as are described in the complaint, can be used for the purpose of redeeming land sold for unpaid assessments and taxes; that the city officer who makes the sale is bound to receive the certificate upon tender of the requisite amount. People v. Bleckwenn, 126 N. Y. 310, 27 N. E. Rep. 376. There is nothing in the law which limits the applicability of such certificate in cases where the certificate is larger than the bid. The sale is legal. They can be used to pay for the bids made, and the law does not require the bid to be for the full amount of the tax and interest. The certificates are to be received "in payment of the assessment and accrued interest," but the law, however, directs the sale to be made "to the highest bidder." There is no violation of the contract made with the other certificate holders. If the land had realized a surplus, that would have made a fund for all others; but, when there is no surplus, the certificate is available to the bidder as well when the land is insufficient to pay the whole tax and interest as in case where it is sufficient. The part of the injunction, therefore, appealed from, should be reversed, with costs and disbursements.